Birdo v. Garner et al 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-253-CV

Â Â Â Â Â BURNICE JOE BIRDO,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â JACK M. GARNER, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 28,739
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant has filed a request that the above appeal be dismissed with prejudice. Appellant's
suit in the trial court, filed under Chapter 13 of the Texas Civil Practice and Remedies Code, was
dismissed by the trial court as frivolous, malicious, and with no arguable basis in law or fact. 
Appellant now states in his motion to dismiss that he has decided to "try harder" to work out his
differences with unit officials by means other than litigation.
Â Â Â Â Â Â Appellant's motion is granted and the appeal is dismissed with prejudice.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Dismissed
Opinion delivered and filed September 14, 1994
Do not publish



0pt;font-family:"CG Times"'>
Â 

Texas Department of Transportation,

   Appellant

Â v.

Â 

Juanita and Robert Curry,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â 

Â 

Â 



From the 66th District Court

Hill County, Texas

Trial Court # 39615

Â 



MEMORANDUMÂ 
Opinion



Â 








Juanita Curry sued the Texas Department of Transportation (TxDOT) for
property damages she sustained when her dump truck overturned after driving
onto the shoulder of a two-lane highway.Â 
TxDOT filed a plea to the jurisdiction contending that the allegations
of Curry=s petition were insufficient to show that the State of Texas waived immunity on her
cause of action.Â  The trial court denied
TxDOT=s plea, and TxDOT filed this interlocutory appeal.Â  We reverse the order denying the plea to the
jurisdiction and render a judgment of dismissal.








In 2001, TxDOT resurfaced part of Highway 933.Â  The resurfacing project left a nine-inch
drop-off from between the edge of the road and the shoulder.

Four months later, Curry was driving her dump truck along the resurfaced
portion of the highway.Â  As the road
curved to the left, the dump truck=s right tire went off the edge of the road.Â  When Curry tried to steer the dump truck back
onto the road, the truck suddenly veered back across the road, rolling several
times.Â  Curry suffered only mild
injuries, but the dump truck was destroyed.

Curry filed suit against TxDOT under section 101.021(1) of the Texas
Tort Claims Act (TTCA), alleging that the use of motor-driven equipment in
resurfacing the road caused the destruction of her dump truck.

TxDOT filed a plea to the jurisdiction, claiming that Curry=s petition failed to demonstrate a nexus between the property damage and
the use of the motor-driven equipment.Â 
Thus, TxDOT contends that Curry=s suit is barred by sovereign immunity.Â 
The trial court denied TxDOT=s plea, and TxDOT timely filed this interlocutory appeal.

Sovereign immunity has two components: immunity from liability and
immunity from suit.Â  Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003).Â  Section 101.021 waives the State=s immunity from liability under certain circumstances.Â  Tex.
Civ. Prac. & Rem. Code ' 101.021 (Vernon 2004).Â  The TTCA
also waives the State=s immunity from suit Ato the extent of liability created by [the TTCA].@Â  Id. ' 101.025.Â  Curry brought suit
against TxDOT under the portion of the TTCA that waives immunity from liability
for damage, injury, or death arising from the negligent operation or use of a
motorâdriven vehicle or motorâdriven equipment.Â  Tex.
Civ. Prac. & Rem. CodeÂ  ' 101.021(1).








Curry is required to allege facts in her pleading showing that a TxDOT
employee=s negligence was the proximate cause of her property damages and that
the negligence involved the use of motor-driven equipment.Â  City of Lubbock v. Rule, 68 S.W.3d 853, 857 (Tex. App.CAmarillo 2002, no pet.).Â  We are
not to assess whether Curry has proved her cause of action, but only whether
her allegations state a claim that comes within the statutory wavier of
immunity.Â  Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 554 (Tex. 2000); Rule, 68
S.W.3d at 857.

Curry claims that her suit falls under the TTCA because TxDOT employees
negligently used motor-driven equipment to pave the road that created the
drop-off.Â  TxDOT argues that, although
motor-driven equipment paved the road, this action created only the condition
that caused the accident, and not the accident itself.Â  Stated another way, TxDOT argues that the
motor-driven equipment did not, by affirmative action, cause the accident.Â  Rather, the equipment indirectly caused the
accident by creating the drop-off, and it was the drop-off that may have
contributed to the accident.

In its interpretation of section 101.021(1), the Texas Supreme Court has
held that there must be a nexus between the operation or use of motor-driven equipment
and the property damage alleged.Â  

This nexus requires more than the mere involvement of property.Â  Rather [the vehicle=s use] must have actually caused the injury.Â  Thus, as with the condition or use of
property, the operation or use of a motor vehicle Adoes not cause injury if it does no more than furnish the condition that
makes the injury possible.@Â Â  

Dallas Area Rapid Transit v. Whitley, 104 S.W.3d
540, 543 (Tex. 2003) (quoting Dallas County Mental Health & Mental Retardation
v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998)). 








The motor-driven equipment used to re-pave the highway four months
earlier did not affirmatively cause the property damage alleged.Â  Rather, the drop-off from the newly paved
road was the direct cause of the accident.Â 
The motor-driven equipment only created the condition that made the
accident possible.Â  Whitley, 104
S.W.3d at 543.Â  Therefore, Curry=s petition does not allege a sufficient nexus between the use of the
motor-driven equipment and the property damage alleged.

Because Curry=s claim does not fall under section 101.121(1), the State=s immunity from liability has not been waived.Â  Tex.
Civ. Prac. & Rem. CodeÂ  ' 101.021(1).Â  As a result, the
State=s immunity from suit has not been waived.Â  Tex.
Civ. Prac. & Rem. Code ' 101.025.Â  Accordingly, Curry=s suit is barred by sovereign immunity.

We reverse the order denying the plea to the jurisdiction and render a
judgment of dismissal.

Â 

Â 

FELIPE REYNA

Justice

Â 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Reversed and rendered

Opinion delivered and filed September 8, 2004

[CV06]